1  **MARC S. SHAPIRO, ESQ., SBN 155791**
   **CHRISTOPHER G. KERR, ESQ., SBN 262667**
2  **JOETTE M. CARINI, ESQ., SBN 323680**
   **HANGER, STEINBERG, SHAPIRO & ASH**
3  **A Law Corporation**
   **21031 Ventura Blvd., Suite 800**
4  **Woodland Hills, CA 91364-6512**
   **(818)226-1222 Fax (818)226-1215**
5  mss@hssalaw.com; ck@hssalaw.com; jmc@hssalaw.com

6  Attorneys for Defendant
   MICHAEL HARTLEIB
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  THE WEISER LAW FIRM, P.C.,         CASE NO. 8:23-cv-00171
    ROBERT B. WEISER,                  (Assigned for all purposes to
12                                     Judge Cormac Carney, Courtroom
             Plaintiffs,               9B)
13
    vs.                               **DEFENDANT MICHAEL**
14                                    **HARTLEIB'S NOTICE AND**
    MICHAEL HARTLEIB,                 **MOTION TO DISMISS**
15                                    **PLAINTIFFS' AMENDED**
             Defendant.               **COMPLAINT; REQUEST FOR**
16                                    **JUDICIAL NOTICE;**
                                      **DECLARATION OF JOETTE M.**
17                                    **CARINI IN SUPPORT**
                                      **THEREOF**
18
                                      Date:   July 10, 2023
19                                    Time:   1:30 p.m.
                                      Dept:   Courtroom 9B
20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22          PLEASE TAKE NOTICE that on July 10, 2023 at 1:30 p.m., or as soon

23  thereafter as counsel may be heard, in Courtroom "9B" of the above-entitled Court,

24  Defendant MICHAEL HARTLEIB ("Moving Defendant") will and hereby does

25  move the Court for an Order Dismissing this action pursuant to Federal Rule of

26  Civil Procedure 12(b)(6) on the basis that Plaintiffs THE WEISER LAW FIRM,

27  PC and ROBERT WEISER's ("Plaintiffs") Amended Complaint ("Amended

28  Complaint") fails to state a claim for a Vexatious Litigation Order, Abuse of

                                    1

Process, or Malicious Prosecution with sufficient particularity upon which relief can be granted for the following reasons:

1. A Vexatious Litigant Order is not a standalone cause of action;

2. Plaintiffs' allegations fall woefully short of the high standard that this Court must use in determining whether to grant a vexatious litigant order;

3. Hartleib did not abuse the legal process in pursuit of legitimate concerns regarding Plaintiffs' business practices, including the involvement of a disbarred attorney in support of an attorney's fees claim;

4. Plaintiffs' abuse of process claim is barred by absolute privilege;

5. Plaintiffs' abuse of process claim is time-barred by the relevant statute of limitations;

6. This Court did not grant Plaintiffs leave to amend to add a claim for Malicious Prosecution;

7. Plaintiffs' Malicious Prosecution cause of action is time-barred by the relevant statute of limitations.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 31, 2023. See <u>Declaration of Joette M. Carini</u> ¶3.

This Motion is based on this Notice of Motion, all of the pleadings and records in this action, Declaration of Joette M. Carini, all other matters of which the Court may take judicial notice, and any oral argument should the Court require it.

///

///

///

///

///

MOTION TO DISMISS

1    DATED: June 5, 2023          HANGER, STEINBERG, SHAPIRO & ASH

2

3                                 BY:    /s/Christopher G. Kerr

4                                        MARC S. SHAPIRO
                                         CHRISTOPHER G. KERR
5                                        Attorneys for Defendant
                                         MICHAEL HARTLEIB
6

7    270.2180

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................4

I.     INTRODUCTION...................................................................................4

II.    FACTUAL BACKGROUND. .................................................................4

III.   LEGAL STANDARD FOR MOTION TO DISMISS ...............................7

IV.    PLAINTIFFS FAILED TO ASSERT SUFFICIENT
       GROUNDS FOR A VEXACIOUS LITIGANT ORDER ...............................9

       a.  A Vexacious Litigant is Not a Standalone Cause of Action.......................9

       b.  Plaintiffs Fail to Approach the Lofty Standards Required
           to Grant a Vexacious Litigant Order...........................................9

V.     PLAINTIFFS FAILED TO ASSERT SUFFICIENT GROUNDS
       FOR AN ABUSE OF PROCESS CLAIM .......................................12

       a.  Conclusory Allegations ...........................................................12

       b.  Absolute Privilege ...................................................................13

       d.  Statute of Limitations .............................................................15

VI.    PLAINTIFFS' CAUSE OF ACTION FOR MALICIOUS
       PROSECUTION IS IMPROPER ...............................................16

       a.  This Court Did Not Grant Leave to Add a Cause of Action......................16

       b.  Plaintiffs' Malicious Prosecution Cause of Action is
           Time-Barred by the Relevant Statute of Limitations.................16

VII.   THIS COURT SHOULD NOT GRANT PLAINTIFFS
       LEAVE TO AMEND...................................................................17

VI.    CONCLUSION ...........................................................................18

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                        <u>Page</u>

<u>Action Apartment Ass'n, Inc. v. City of Santa Monica</u>
     163 P.3d 89, 97 (Cal. 2007)................................................................14

<u>Adams v. Superior Court</u>
     (1992) 3 Cal.Rptr.2d 49, 53 (Ct. App. 1992)....................................13

<u>Ashcroft v. Iqbal</u>
     566 U.S. 662, 678-79 (2009)............................................................7, 8

<u>Asia Investment Company v. Borowski</u>
     4 Cal.Rptr.3d  317, 323 (Ct. App. 1982)..........................................14

<u>Bell Atl. Corp. v. Twombly</u>
     550 U.S. 544, 555 (2007) ..................................................................7, 8

<u>In Re Big Lots, Inc. Shareholder Litigation</u>
     No. 2:12-cv-445....................................................................................6

<u>Cabral v. Martins</u>
     99 Cal.Rptr.3d 394, 406 (Ct. App. 2009).........................................14

<u>Cantu v. Resolution Trust Corp.</u>
     6 Cal.Rptr.2d 151, 168 (Ct. App. 1992)...........................................15

<u>In Re CenturyLink Sales Practices and Securities Litigation</u>
     No. 17-md-2795-MJD-MM .................................................................6

<u>Conley v. Gibson</u>
     355 U.S. 41, 27 (1957) .........................................................................7

<u>Contemporary Services Corp. v. Staff Pro</u>
     61 Cal.Rptr.3d 434, 447 (Ct. App. 2007).........................................13

<u>DeLong v. Hennessey</u>
     912 F.2d 1144, 1148 (9th Cir. 1990)....................................9, 10, 11

*///*

MOTION TO DISMISS

Doe v. United States
    58 F.3d 494, 497 (9th Cir. 1995) ............................................................17

Dunmore v. Dunmore
    2013 WL 876907 at *4 (E.D. Cal.Mar. 7, 2013) ...................................9

In Re Equifax, Inc. Derivative Litigation
    No. 1:18-cv-00317-TWT .........................................................................6

Feldman v. Park Lane Associates
    74 Cal.Rptr.3d  1, 23, (Ct. App. 2008)..................................................14

Freezor v. California Grills, Inc.
    2013 WL 866505, at *2 (E.D. Cal. Mar. 7, 2013) .................................9

GeneThera, Inc. v. Troy & Gould Professional Corp.
    90 Cal.Rptr.3d 218, 223 (Ct. App. 2009)..............................................14

In re Gilead Scis Sec. Litig
    536 F.3d 1049, 1055 (9th Cir. 2008)........................................................7

Hagberg v. California Federal Bank FSB
    81 P.3d  244, 248, (Cal. 2005)...............................................................14

Hanna v. Plumer
    380 U.S. 460 (1965) ...............................................................................17

Harris v. Wachovia Mortg., FSB
    111 Cal.Rptr.3d 20, 23 (Ct. App. 2010).................................................16

Johnson v. Riverside Healthcare Sys., LP
    534 F.3d  1116, 1121 (9th Cir. 2008)..................................................7, 17

Levitt v. Yelp!, Inc.
    765 F.3d 1123, 1135 (9th Cir. 2014).........................................................8

Lopez v. Smith
    203 F.3d 1122, 1126-1131 (9th Cir. 2000) ............................................17

Molski v. Evergreen Dynasty Corp.
    500 F.3d 1047, 1059  (9th Cir. 2007)................................................10, 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nunes v. Ashcroft
    348 F.3d 815, 818 (9th Cir. 2003)........................................................17

Pimental v. Houk
    226 P.2d 739, 741, (Ct. App. 1951) ...............................................13

Ringgold-Lockhart v. Cnty of Los Angeles
    761 F.3d 1057, 1062 (9th Circ. 2014).....................................9, 10, 12

Ross-Williams v. Bennett
    (2016) WL 6888094 at*1 (Kan.Dist.Ct.)...............................5, 6, 10

Rusheen v. Cohen
    128 P.3d 713, 718 (Cal. 2006) ......................................................13

Sprewell v. Golden State Warriors
    266 F.3d 979, 988 (9th Cir. 2001).....................................................7

Twin City Fire Insurance Co. v. Colonial Life & Acc. Insurance Co.
    124 F.Supp.2d 1243, 1247 (M.D. Ala. 2000) ................................16

United States v. Corinthian Colleges
    655 F.3d 984 (9th Cir. 2011).............................................................17

The Weiser Law Firm, P.C. v. Michael Hartlieb
    2:19-cv-02728 KSM.........................................................................4

**Statutes**                                                                                                  **Page**

Civil Code §47(b) .....................................................................................8, 13

Fed. R. Civ. P. 8(a)(2).....................................................................................7

Fed. R. Civ. P. 12(b)(6)...............................................................................8, 9

MOTION TO DISMISS

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Plaintiffs THE WEISER LAW FIRM, P.C. and ROBERT B. WEISER's

4    ("Plaintiffs") Amended Complaint states three causes of action for a Vexatious

5    Litigant Order, Abuse of Process, and Malicious Prosecution arising from actions

6    by Defendant MICHAEL HARTLEIB ("Hartleib"), all of which relate to various

7    shareholder derivative lawsuits in which Plaintiffs are or were counsel of record.

8    Plaintiffs brought two of their three claims in a prior action in Pennsylvania,

9    *The Weiser Law Firm, P.C. v. Michael Hartlieb*, case 2:19-cv-02728-KSM. On

10   October 9, 2020, the Court in the Pennsylvania matter dismissed Plaintiffs' count

11   seeking a Vexatious Litigant order for lack of personal jurisdiction and dismissed

12   Plaintiffs' count for Abuse of Process for improper venue. October 9, 2020 Order,

13   2:19-cv-02728-KSM. After lengthy further litigation, on the eve of trial in the

14   Pennsylvania matter, Plaintiffs requested the Court enter a voluntary dismissal with

15   prejudice as to the remaining claims in that action, which the Court did in its Order

16   dated April 14, 2023. April 14, 2023 Order, 2:19-cv-02728-KSM.

17   **II.    FACTUAL BACKGROUND**

18   According to Plaintiffs, in late 2008, Hartleib sought counsel from an

19   attorney named Bruce G. Murphy regarding the loss in value of shares he owned

20   in the Sprint Corporation and Nextel Communications when the two companies

21   merged. See Amended Complaint p. 3 ¶10. Mr. Murphy contacted Plaintiffs and

22   began exploring a potential shareholder derivative action. Id. at ¶¶12-13. According

23   to Plaintiffs, Weiser and Hartleib first made contact during a phone call which

24   occurred on March 26, 2009. See Amended Complaint p. 5 ¶¶26-30. The next day,

25   Plaintiffs informed Hartleib that they would not represent him, and instead chose

26   to represent a different Sprint shareholder named Monica Ross-Williams in the

27   derivative suit. See Amended Complaint p. 6-7 ¶¶32-37. In July 2011, Hartleib

28   obtained other counsel to file a separate Sprint shareholder derivative suit. See

4

Amended Complaint p. 6 ¶38. Ms. Ross-Williams' and Hartleib's suits were part of a group of shareholder derivative lawsuits filed in state and federal court in Kansas. See Amended Complaint p. 8 ¶49.

In 2016, Hartleib filed an objection in Kansas State Court to a proposed settlement of the Sprint shareholder derivative lawsuits which included $4.2 million in attorneys' fees. See Ross-Williams v. Bennett, 2016 WL 6888094, at *1 (Kan.Dist.Ct.) Hartleib sent Plaintiffs emails on May 24, 2016, May 31, 2016, and June 28, 2016, objecting to the settlement and demanding documentation in support of the fees Plaintiffs were submitting. See Amended Complaint p. 9-10 ¶¶59-60. After Hartleib's objection, the Kansas State Court approved the overall settlement, but cut the attorneys' fees by 90%, finding that the billing was "unbelievable," "lack[ing] credibility" and that "it seems that the vast amount of work performed on this case was illusory, perhaps done for the purpose of inflating billable hours to push the effective billing rate down in order to support a multi-million dollar fee award." Plaintiffs appealed the fee award. See Ross-Williams v. Bennett, 2016 WL 6888094, at *15 (Kan.Dist.Ct.)

After the reduction in fees and the appeal, the Kansas Court of Appeals was advised by a neutral third party that an attorney at the Plaintiffs' law firm named 'Alexander' Jeffrey Silow, who allegedly performed over 6,900 hours of billed work in the Sprint Kansas shareholder derivative lawsuit, had been disbarred for the entirety of his employment with Plaintiffs. See Amended Complaint p. 11 ¶68. Plaintiffs claim they were "duped" by this "attorney," but the Kanas Court of Appeals directly questioned this claim when upholding the lower court's fee reduction claim:

Interestingly, although the resume of the Weiser Law Firm – Which is part of the record on appeal – listed "Alexander Jeffrey Silow" as being "admitted to practice in Pennsylvania and the District of Columbia," Silow's resume – which was attached to Weiser's letter –

listed his name as "Jeffrey Silow" and did not state that he was a member of the Pennsylvania bar. Instead, Silow's resume only listed the District of Columbia under the heading "Bar Admissions."

…

Although we will yield to the disciplinary authorities in the Commonwealth of Pennsylvania – or elsewhere – to sort out what the attorneys representing the plaintiffs in their derivative actions knew or should have known about the status of Jeffrey Silow's license to practice law, we find the information provided by Weiser very troubling. Ross-Williams on behalf of Sprint Nextel Corp. v. Bennett, 4P.3d 608, 623 (2018), review denied (Nov. 21, 2018).

On March 15, 2018, Hartleib, an Equifax Shareholder, filed a motion for Acceptance of an Amicus Curiae Brief opposing the appointment of Plaintiffs as Co-Lead Counsel in the In re Equifax, Inc. Derivative Litigation, No. 1:18-cv-00317-TWT in the United States District Court for the Northern District of Georgia due to the Plaintiffs' prior billing practices in the Sprint case. See Amended Complaint p. 23-24 ¶108. Hartleib appeared at oral argument in United States District Court for the Northern District of Georgia on competing motions for appointment of lead counsel and addressed the court. See Amended Complaint p. 25 ¶115. The court denied the Plaintiffs' motion for appointment as lead counsel in the Equifax case. See Amended Complaint p. 25-26 ¶116. On August 28, 2018, Hartleib contacted the court in In re Big Lots, Inc. Shareholder Litigation, No. 2:12-cv-445 in the United States District Court for the Southern District of Ohio expressing similar concerns to the ones expressed in the Equifax case. See Amended Complaint p. 26 ¶¶118-121.

On March 5, 2019, Hartleib, a CenturyLink shareholder, filed an Amicus Curiae Brief opposing the appointment of Plaintiffs and Robbins Arroyo LLP as Lead Counsel in In re CenturyLink Sales Practices and Securities Litigation, No. 17-md-2795-MJD-MM in the United States District Court for the District of Minnesota expressing similar concerns to the ones expressed in Equifax. See Amended Complaint p. 27 ¶126. Hartleib appeared at oral argument in United

1   States District Court for the District of Minnesota for competing motions for
2   appointment of lead counsel and addressed the court. See Amended Complaint p.
3   29 ¶138.

4        On January 22, 2019, Hartleib filed a civil action in Kansas State Court
5   against Plaintiffs and Monica Ross-Williams alleging malpractice, breach of
6   fiduciary duty, violation of the Kansas Consumer Protection Act, and Abuse of
7   Process. See Amended Complaint p. 36 ¶163. Prior to filing the action, Hartleib
8   exchanged correspondence with Plaintiffs inquiring as to their interest in a pre-
9   litigation resolution of the matter. See Amended Complaint p. 35 ¶158. The lawsuit
10  was removed to United States District Court for the District of Kansas, and later
11  was dismissed. See Amended Complaint p. 36 ¶164.

12  ### III.   LEGAL STANDARD FOR MOTION TO DISMISS

13       Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may make a motion to
14  dismiss for Plaintiff's "failure to state a claim upon which relief can be granted."
15  Such dismissal may be based on the "lack of cognizable legal theory" or
16  insufficient facts "alleged under a cognizable legal theory." Johnson v. Riverside
17  Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008).

18       Fed. R. Civ. P. 8(a)(2), governing a plaintiff's pleading requirements, calls
19  for very little: a short and plain statement of the claim showing that the pleader is
20  entitled to relief in order "to give the defendant fair notice of what the…claim is
21  and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544,
22  555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

23       However, complaints must contain sufficient factual matter, accepted as true,
24  to 'state a claim to relief that is plausible on its face'." Ashcroft v. Iqbal, 556 U.S.
25  662, 678-79 (2009) (quoting Twombly at 570). A Court is not required "to accept
26  as true allegations that are merely conclusory, unwarranted deductions of fact, or
27  unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th
28  Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

1    Plaintiff's "may not simply recite the elements of a cause of action." <u>Levitt v. Yelp!
2    Inc.</u>, 765 F.3d 1123, 1135 (9th Cir. 2014). Allegations as to a defendants' liability
3    must show "more than a sheer possibility that a defendant has act unlawfully." <u>Iqbal</u>
4    at 678. Factual allegations "must be enough to raise a right to relief above the
5    speculative level." <u>Twombly</u>, 550 U.S. at 555. Furthermore, "only a complaint that
6    states a plausible claim for relief survives a motion to dismiss." <u>Iqbal</u>, 129 S.Ct. at
7    1949.

8         Here, Plaintiffs fail to state an adequate claim for a vexatious litigant order,
9    abuse of process, and malicious prosecution and therefore, all three causes of action
10   must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as detailed more thoroughly
11   below. Firstly, a vexatious litigant order is not a standalone cause of action. Even
12   so, the standard for imposing a vexatious litigant order is very high and should be
13   seldom used by courts. Plaintiffs' allegations do not approach this lofty standard,
14   as Plaintiffs even attempt to incorporate instances where Hartleib is definitionally
15   not a litigant.

16        Additionally, Plaintiffs assert that Hartleib's concerns are frivolous and
17   illegitimate when arguing their abuse of process claim. Plaintiffs use conclusory
18   allegations and large logical leaps to reach these conclusions which should be
19   disregarded as such. Hartleib's acts are subject to absolute privilege under
20   California <u>Civil Code</u> section 47(b). Further, the most recently identified basis for
21   Plaintiffs' abuse of process claim occurred nearly four years prior to the filing of
22   this action. The relevant statute of limitations is one year, meaning the statute of
23   limitations on Plaintiffs' abuse of process claim ran three years ago.

24        Finally, Plaintiffs added an improper cause of action for malicious
25   prosecution to their amended complaint for which they were not granted leave to
26   add. Even if proper, the relevant one-year statute of limitations time-bars Plaintiffs
27   from bringing this claim as well.

28   ///

MOTION TO DISMISS

1  For all these reasons, this Court must grant Hartleib's motion to dismiss

2  pursuant to Fed. R. Civ. P. 12(b)(6).

3  **IV.    PLAINTIFFS FAILED TO ASSERT SUFFICIENT GROUNDS**

4  **FOR A VEXATIOUS LITIGANT ORDER**

5  **a. A Vexatious Litigant Order is Not a Standalone Cause of Action**

6  Plaintiffs request a Vexatious Litigant Order against Hartleib as their first

7  cause of action in their amended complaint. However, as this Court already found

8  in its May 8, 2023 Order granting Hartlieb's anti-SLAPP motion to the original

9  Complaint, Vexatious Litigant Orders are not independent causes of action.

10 Dunmore v. Dunmore, 2013 WL 876907, at *4 (E.D. Cal. Mar. 7, 2013), report and

11 recommendation adopted, 2103 WL 1628140 (E.D. Cal. Apr. 15, 2013). "If

12 Defendants want the Court to declare Plaintiff a 'vexatious litigant,' Defendants

13 may file a properly noticed motion with facts to support its claim." Freezor v.

14 California Grills, Inc., 2013 WL 866505, at *2 (E.D. Cal. Mar. 7, 2013).

15 Plaintiffs have brought this cause of action improperly, eliminating any need

16 for further analysis of the merits of their claims. Vexatious litigant orders are to be

17 brought via motion in the course of litigation, not as a standalone cause of action.

18 Therefore, this Court must dismiss this "cause of action" as improper.

19 **b. Plaintiffs Fail to Approach the Lofty Standards Required to Grant a**

20 **Vexatious Litigant Order**

21 If this Court does find that a vexatious litigant order is a proper cause of

22 action, Plaintiffs' allegations are still insufficient to obtain an order. "In light of the

23 seriousness of restricting litigants' access to the courts, pre-filing orders **should be**

24 **a remedy of last resort**." Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d

25 1057, 1062 (9th Cir. 2014) (emphasis added). This kind of pre-filing order should

26 "**rarely be used**." De Long v. Hennessy, 912 F.2d 1144, 1147 (9th Cir. 1990)

27 (emphasis added). The Ninth Circuit uses a four-factor consideration to determine

28 whether a litigant is vexatious: (1) a notice and opportunity to be heard, (2)

9

adequate record for review, (3) substantive findings of frivolousness or harassment, and (4) narrow tailoring. Ringgold-Lockhart, 761 F.3d at 1063-1067. The first two factors are procedural considerations while the second two are substantive.

On the third factor, the Ninth Circuit has offered this analysis:

To determine whether the litigation is frivolous, district courts must "look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." Id. (quoting same). While we have not established a numerical definition for frivolousness, we have said that "even if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." Id. Litigiousness alone is not enough, either: "'The plaintiff's claims must not only be numerous, **but also be patently without merit**.'" Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1064 (9th Cir. 2014)(quoting Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1059 (9th Cir. 2007))(emphasis added)

The Ringgold-Lockhart court continues that district courts are able to make an alternative finding that the litigant's finding show "a pattern of harassment," but adds that "courts must 'be careful not to conclude that particular types of actions filed repetitiously are harassing,' and must '[i]nstead…discern whether the filing of similar types of actions constitutes an intent to harass the defendant or the court'." Ringgold-Lockhart, 761 F.3d at 1064 (quoting De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990)). And finally, before determining there are substantive findings of frivolousness or harassment enough to justify the finding of a vexatious litigant, courts must consider whether other, less restrictive options are available. Ringgold-Lockhart, 761 F.3d at 1064.

The Ringgold-Lockhart court is explicit that to be a vexatious litigant, the complaints must be entirely without merit. Even the Kansas Court of Appeals showed skepticism of Plaintiffs' claims that they were "merely victims" in the Silow controversy. See Ross-Williams v. Bennett, 2016 WL 6888094, at *15 (Kan.Dist.Ct.) While Hartleib's 2019 lawsuit against Plaintiffs was ultimately dismissed, there was no finding that it was frivolous, and there certainly was no finding that it was "patently without merit." See Amended Complaint p. 36

¶164. Plaintiffs' claim that Hartleib is a vexatious litigant falls woefully short of the high standard that courts must use to grant this restrictive order. Most notably, in the extensive list of twenty-seven (27) instances that Plaintiffs claim show that Hartleib is a "vexatious litigant," most are circumstances where Hartleib is definitionally not a litigant. See Amended Complaint p. 47-54 ¶199. Hartleib is not a party in most of these instances. Id. Generally, vexatious litigants are plaintiffs whose claims have been found to be frivolous and harassing to either courts or defendants (pro se defendants can be considered vexatious litigants if they continuously engage in superfluous conduct). De Long, 912 F.2d at 1147. Plaintiffs allege that Hartleib abused the discovery process in the lawsuit against him in Pennsylvania. See Amended Complaint p. 53 ¶199o. However, Hartleib was represented by counsel in that action, making it an inappropriate basis for a vexatious litigant order.

Molski v. Evergreen Dynasty Corp. provides an example of the high standard courts must use to grant a vexatious litigant order. 500 F.3d 1047, 1051 (9th Cir. 2007). In Molski, a disabled man had filed approximately **400 federal lawsuits** alleging boiler plate ADA violations that the court described as "contrived and not credible" and that the plaintiff "had plainly lied" in many of his filings. Id. This is the sort of outrageous conduct that courts must find to grant a vexatious litigant order.

Plaintiffs cite instances of Hartleib filing amicus curiae briefs, threatening to appear and appearing in court to oppose Plaintiffs' appointment as lead counsel in multiple derivative suits, sending emails to judges regarding cases in which he was not a party, and sending emails to Weiser and other law firms in various contexts. See Amended Complaint p. 47-54 ¶199. In these instances, Hartleib was not a litigant in the relevant cases, and therefore these acts as pleaded cannot be used as the bases for a vexatious litigant order. Hartleib was only a party to a suit in the Sprint-Nextel derivative suit and the single lawsuit he filed against Plaintiffs in

MOTION TO DISMISS

1    Kansas District Court. See Amended Complaint p. 8 ¶50, p. 33-34 ¶156.

2        Regarding Hartleib's prior actions of filing Amicus Curiae Briefs opposing

3    Plaintiffs' appointments as counsel in other shareholder derivative suits, while

4    Hartleib was not a litigant in the suits, he was in each instance granted leave of

5    court to file those briefs, and in at least one of the instances, the court sided with

6    Hartleib and denied Plaintiffs' motion for appointment as lead counsel. See

7    Amended Complaint p. 25-26 ¶116. Plaintiffs cannot argue that an action is

8    meritless when a court ruled in Hartleib's favor.

9        Plaintiffs cannot show that these actions constituted a "pattern of

10   harassment" as defined in Ringgold-Lockhart. Plaintiffs claimed in their complaint

11   that they were victims of Jeffrey Silow's fraud despite legitimate questions as to

12   their potential knowledge of his disbarred status. See Amended Complaint p. 11

13   ¶68. Hartleib's actions were based on his concerns about a law firm that employed

14   a disbarred attorney whose work made up a significant portion of a $4.5 million

15   attorney's fees request. Hartleib had legitimate reasons to believe Plaintiffs may

16   not have been the victims they claim to be.

17       Finally, if this Court finds there is any potential basis for Plaintiffs'

18   arguments that Hartleib could be considered a vexatious litigant, it must first

19   consider if there is an alternative, less restrictive, option available. Given the large

20   discrepancy between the extremely high standard that a vexatious litigant order

21   requires, and the insufficient allegations brought by Plaintiffs, this Court must

22   dismiss this cause of action for failure to state a sufficient claim.

23   **V.    PLAINTIFFS FAILED TO ASSERT SUFFICIENT GROUNDS**

24   **FOR AN ABUSE OF PROCESS CLAIM**

25   **a. Conclusory Allegations**

26       To maintain a cause of action for abuse of process, Plaintiffs must show that

27   Defendant: "(1) contemplated an ulterior motive in using the process; and (2)

28   committed a willful act in the use of the process not proper in the regular conduct

of the proceedings." <u>Rusheen v. Cohen</u>, 128 P.3d 713, 718 (Cal. 2006). "Process" is defined as "action taken pursuant to judicial authority. It is not action taken without reference to the power of the court. <u>Adams v. Superior Court</u>, (1992) 3 Cal.Rptr.2d 49, 53 (Ct. App. 1992). 521, 530. Thus, courts have held that "[t]he gist of the tort is the improper use of the process *after it is issued."* <u>Id.</u>, at 54. As such, "[m]erely obtaining or seeking process is not enough; there must be subsequent abuse, by a misuse of the judicial process for a purpose other than that which it was intended to serve." <u>Id.</u>, at 53. For instance, filing or maintaining of a lawsuit, even for an improper purpose, is not a basis for an abuse of process action. <u>Contemporary Services Corp. v. Staff Pro</u>, 61 Cal.Rptr.3d 434, 447 (Ct. App. 2007). Moreover, there is no abuse of process if it used for its proper purpose even though used for wrongful motives. <u>Pimentel v. Houk</u>, 226 P.2d 739, 741 (Ct. App. 1951).

Plaintiffs offer conclusory statements and large logical leaps that Hartleib's only intention was to harass, embarrass, extort, malign and denigrate them. Plaintiffs' allegations are insufficient to demonstrate that Hartleib had no legitimate basis for his actions. Additionally, at minimum in the Equifax litigation, Hartleib was a shareholder and had standing to file his Amicus Curiae Brief to oppose Plaintiffs from being appointed co-lead counsel. See <u>Amended Complaint</u> p. 23-24 ¶108. Hartleib had legitimate concerns and purposes for his use of the judicial process, therefore this Court should dismiss this cause of action as insufficiently pleaded.

### b. <u>Absolute Privilege</u>

Plaintiffs' cause of action for abuse of process is barred by the Absolute Privilege under California <u>Civil Code</u> section 47(b), which provides, in pertinent part: "A privileged publication or broadcast is one made: … (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law…" Section 47(b) establishes a privilege that bars liability in tort

for the making of certain statements. "The privilege established by this subdivision often is referred to as an 'absolute' privilege, and it bars all tort causes of action except a claim for malicious prosecution." Hagberg v. California Federal Bank FSB, 81 P.3d 244, 248 (Cal. 2004). Courts have applied the litigation privilege to breach of contract cases where the gravamen of the complaint was negligent or intentional tortious conduct. Feldman v. Park Lane Associates, 74 Cal.Rptr.3d 1, 23 (Ct. App. 2008). Courts have found that "the filing of a complaint or petition is in itself a publication which is privileged because it is required by law to initiate the judicial proceeding. Such a conclusion is mandated by the policy behind Civil Code section 47 which is to afford litigants the utmost freedom of access to the courts to secure their rights and defend themselves without fear of being harassed by retaliatory lawsuits." Asia Investment Company v. Borowski, 184 Cal.Rptr.3d 317, 323 (Ct. App. 1982). "When there is a good faith intention to bring a suit, even malicious publications are protected as a part of the price paid for affording litigants the utmost freedom of access to the courts." Action Apartment Ass'n, Inc. v. City of Santa Monica, 163 P.3d 89, 97 (Cal. 2007).

Courts have held that the privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." Cabral v. Martins, 99 Cal.Rptr.3d 394, 406 (Ct. App. 2009). Further, "the privilege applies to communications relative to the defense of an action as well as those relative to its filing and prosecution." Id. The principal purpose of the privilege is to "afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions…." GeneThera, Inc. v. Troy & Gould Professional Corp., 90 Cal.Rptr.3d 218, 223 (Ct. App. 2009). Plaintiffs largely concede that the actions by Hartlieb with which they take issue are subject to the litigation privilege, even going so far as to allege that "Hartleib has improperly utilized the federal judicial process to harass, intimidate and publicly disparage Plaintiffs by and through their Pennsylvania Action against

14

him," an action which they themselves commenced and prosecuted, which they were free to dismiss at any time (and ultimately did). <u>Amended Complaint</u>, ¶ 171. Plaintiffs' cause of action for malicious prosecution is barred by the "absolute" litigation privilege, as it challenges communications made in and/or related to judicial proceedings.

### c. <u>Statute of Limitations</u>

The statute of limitations on an abuse of process claim is one year from when the injury to the plaintiff occurs. <u>Cantu v. Resolution Trust Corp.</u>, 6 Cal.Rptr.2d 151, 168 (Ct. App. 1992).

Plaintiffs offers seven bases for their abuse of process claims: (1) his unsuccessful appeals of the protective order issued in connection to the Sprint Derivative Suit, which occurred in 2017; (2) threats to appear at hearings and to file briefs in the plaintiffs' unrelated litigation, which occurred on August 17, 2018; (3) the submission of an amicus curiae brief in opposition of Plaintiffs' application for appointment as co-lead counsel in the Equifax shareholder derivative litigation, which occurred on May 15, 2018; (4) the submission of an ex parte email with Judge Watson in the Big Lots derivative suit, which occurred on August 28, 2018; (5) submission of an amicus curiae brief in opposition to Plaintiffs' appointment as lead counsel in the CenturyLink Derivative Litigation, which was filed on March 5, 2019; (6) Hartleib's appearance at oral argument in opposition to Plaintiffs' appointment as lead counsel in the CenturyLink Derivative suit, which was on March 6, 2019; and (7) Hartleib's commencement of a lawsuit against the plaintiffs alleging malpractice, which was filed on January 22, 2019. See <u>Amended Complaint</u> p. 56-57 ¶211.

Plaintiffs filed their original complaint on January 25, 2023, nearly three years beyond the statute of limitations date for the most recent basis for any abuse of process claim. Plaintiffs are barred from bringing this cause of action by the statute of limitations and this Court must therefore dismiss it with prejudice.

1
2

**VI.   PLAINTIFFS' CAUSE OF ACTION FOR MALICIOUS
PROSECUTION IS IMPROPER**

3

    **a.   This Court Did Not Grant Leave to Add a Cause of Action**

4
5
6
7

    In its order granting the motion to dismiss Plaintiffs' original complaint, this Court found that "Plaintiffs may be able to cure the deficiencies in their **abuse of process claim**…" See Order Granting Anti-SLAPP Motion p. 16 lines 17-22. This Court did not grant Plaintiffs leave to allege additional causes of action.

8
9
10
11
12
13
14

    A plaintiff "may not amend the complaint to add a new case of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave." Harris v. Wachovia Mortg., FSB, 111 Cal.Rptr.3d 20, 23 (Ct. App. 2010). This Court permitted leave to amend to cure their abuse of process cause of action, not to add a completely new one. The Malicious Prosecution cause of action is improper and must be dismissed with prejudice.

15
16

    **b.   Plaintiffs' Malicious Prosecution Cause of Action is Time-Barred by
the Relevant Statute of Limitations**

17
18
19
20
21
22
23

    Plaintiffs' basis for their Malicious Prosecution cause of action is Hartleib's lawsuit against Plaintiffs in United States District Court for the District of Kansas for legal malpractice/breach of fiduciary duty, violation of the Kansas Consumer Protection Act, and abuse of process. See Amended Complaint p. 36 ¶¶163-164. The complaint was dismissed on August 21, 2019. See Amended Complaint p. 36 ¶164. Hartleib appealed to the Tenth Circuit Court of Appeals, but was rejected on June 21, 2021. Id.

24
25
26
27
28

    Malicious Prosecution is a state tort cause of action, meaning federal courts only have jurisdiction over it through diversity. The Erie doctrine requires that the court follow the state common law in the absence of extraordinarily persuasive evidence. Twin City Fire Insurance Co. v. Colonial Life & Acc. Insurance Co., 124 F. Supp. 2d 1243, 1247 (M.D. Ala. 2000). The Erie Doctrine is important to

16

dissuade "forum shopping" where plaintiffs file their complaints in jurisdictions most favorable to their case. Hanna v. Plumer 380 U.S. 460 (1965).

Because Plaintiffs' basis for relief is a case that occurred in Kansas, and this cause of action is under diversity jurisdiction, Kansas statute of limitation law for a malicious prosecution cause of action must apply. Kansas Statute section 60-514(b) imposes a one-year statute of limitations on a malicious prosecution claim. Hartleib's appeal was finally rejected on June 21, 2021, and this cause of action was not brought until May 22, 2023. Plaintiffs are attempting to forum shop to utilize California's two-year statute of limitations for malicious prosecution claims. This is improper as Kansas law necessarily applies in this case. This cause of action should be dismissed with prejudice as time-barred by the applicable statute of limitations.

## VII.   THIS COURT SHOULD NOT GRANT PLAINTIFFS LEAVE TO AMEND

If a court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-1131 (9th Cir. 2000).

In Doe v. United States, the court recognized it had repeatedly held that "a district court should grant leave to amend even if no request to amend the pleadings was made, **unless it determines that the pleading could not possibly be cured** by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (emphasis added). When determining whether to grant leave to amend, the court looks at the following five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colleges, 655 F.3d 984 (9th Cir. 2011); See Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); See also Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003). "Futility alone can justify the denial of a motion to amend." Nunes at 818.

Here, Plaintiffs cannot amend their Amended Complaint without contradicting their allegations set forth. In particular, Plaintiffs cannot amend their Amended Complaint to overcome the statute of limitations on their Abuse of Process and Malicious Prosecution causes of action. They outlined in detail the bases for both claims and the dates on which the alleged acts occurred.

Given that a Vexatious Litigant Order is not a standalone cause of action, granting leave to amend would be illogical given there is no remedy. Additionally, in the Vexatious Litigant Order "cause of action," Plaintiffs have outlined twenty-seven (27) bases for relief, all of which are improper for such an order. It would be futile to allow Plaintiffs to attempt to amend their Amended Complaint to make their bases proper where no such possibility exists.

## VIII. CONCLUSION

Moving Defendant respectfully requests that the Court grant this Motion to Dismiss Plaintiffs' Amended Complaint, with prejudice, as Plaintiffs failed to state a claim upon which relief can be granted under their three counts, requesting a Vexatious Litigant Order, Abuse of Process and Malicious Prosecution.

DATED: June 5, 2023                    HANGER, STEINBERG, SHAPIRO & ASH


                                       BY:   /s/Christopher G. Kerr_____
                                             MARC S. SHAPIRO
                                             CHRISTOPHER G. KERR
                                             JOETTE M. CARINI
                                             Attorneys for Defendant
                                             MICHAEL HARTLEIB

270.2180

1

## DECLARATION OF JOETTE M. CARINI

2   I, JOETTE M. CARINI, declare as follows:

3       1.      I am an attorney at law duly licensed to practice before all the courts

4   of the State of California, the United States District Court for the Central District

5   of California, and the Ninth Circuit Court of Appeals, and am an associate of the

6   law firm of Hanger, Steinberg, Shapiro & Ash, attorneys of record for Defendant

7   MICHAEL HARTLEIB.

8       2.      If called upon to testify as to the matters herein related, I could and

9   would competently do so based upon my review of the litigation file herein and my

10  personal participation as one of the attorneys of record herein.

11      3.      On May 31, 2023, at 2:30 pm. I met and conferred with David

12  Goodrich and Kevin McGowan, attorneys for Plaintiffs THE WEISER LAW

13  FIRM, P.C. and ROBERT B. WEISER, via telephone pursuant to L.R. 7-3. We

14  were unable to reach a resolution that would obviate the need for this motion.

15      I declare under penalty of perjury under the laws of the State of California

16  that the foregoing is true and correct.

17      Executed on June 5, 2023, at Woodland Hills, California.

18

19                          /s/Joette M. Carini_____

20                          JOETTE M. CARINI

21

22

23

24

25

26

27

28